**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TDC INTERNATIONAL CORP.,

       Plaintiff,

v.                                                          Case No. 08-CV-14792

JAE L. BURNHAM,

       Defendant.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Pending before the court are Plaintiff's "Motion for Default Judgment" and Defendant's "Motion to Set Aside Clerk's Default and Response to Motion for Default Judgment."[1]  The matter has been fully briefed, and the court finds a hearing to be unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will deny Plaintiff's motion for default judgment and grant Defendant's motion to set aside the clerk's entry of default.

## I.  BACKGROUND

Plaintiff filed its complaint on November 14, 2008, alleging that the similarity between Defendant's and Plaintiff's trade names is likely to mislead and confuse the public.  (Compl. at 3-5.)  Plaintiff alleges the complaint was personally served on

---

[1] Defendant is cautioned to be mindful of this court's guidelines for motion practice, which make clear that "[u]nder no circumstances may a motion be included within or tacked onto a response or a reply."  *See* Motion Practice (Civil), <http://www.mied.uscourts.gov/Judges/guidelines/topic.cfm?topic_id=69>

As indicated therein, a brief that simultaneously opposes a motion and presents a different motion is out of order. Here, however, the issue is more a matter of mislabeling Defendant's response rather than combining a wholly different motion with that response.

Defendant on November 24, 2008, which would necessitate Defendant filing an answer on or before December 15, 2008.  Fed. R. Civ. P. 12(a)(1)(A).  Defendant had not filed an answer by December 18, 2008, at which time Plaintiff obtained a clerk's entry of default.  Plaintiff filed its motion for default judgment on January 21, 2009, arguing that Defendant was a competent person who had failed to plead or otherwise defend against Plaintiff's complaint within the allowed time period.  Two days later, on January 23, 2009, Defendant filed its motion to set aside the clerk's entry of default, responded to Plaintiff's motion for the entry of default judgment, and filed an answer to Plaintiff's complaint.

## II.  STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  When evaluating a motion to set aside a default, the court should consider three factors:

(1)    whether the default was the result of the defendant's willful or culpable conduct;

(2)    whether the plaintiff would be prejudiced by setting aside the judgment; and

(3)    whether the defendant presented any meritorious defenses following the default.

*United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).  The Sixth Circuit has further stated:

Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits . . . .  Since the interests of justice are best served by a trial on the merits, only after a

careful study of all relevant considerations should courts refuse to open
default judgments.

*Id.* at 846 (internal citations omitted).

### III.  DISCUSSION

Having reviewed the briefs, the court finds that Defendant has established good
cause so as to justify setting aside the clerk's entry of default.  Contrary to Plaintiff's
contentions, the court finds no prejudice to Plaintiff, no evidence of willfulness or
culpability on the part of Defendant and that Defendant has presented sufficiently
meritorious defenses to proceed.  *United Coin Meter Co.*, 705 F.2d at 844-45.

### A.  Prejudice

The absence of prejudice weighs in favor of setting aside the default.  Plaintiff
argues it will be prejudiced in that "Defendant has no respect for the legal system,"
"[t]here are consequences for one's choices in life," and "[t]he Rules apply to everyone
equally, and Defendant should be no exception."  (Pl.'s Mot. at 6.)  Certainly, Defendant
is not above the Federal Rules which govern the type of civil action in this case. The
assertion of aphorisms, however true or agreeable they may be, does little to show how
Plaintiff would be prejudiced in setting aside the entry of default.  Indeed, it is Plaintiff's
burden, in opposing the motion to set aside the clerk's entry of default, to point to, if not
prove, some kind of negative impact resulting from Defendant's failure to timely file an
answer, which in turn is something more than the delay itself.  *Thompson v. Am. Home
Assurance Co.,* 95 F.3d 429, 433 (6th Cir. 1996).  Every default that has ever been set
aside has necessarily embraced some delay in the proceedings.  Instead, "the delay
must result in tangible harm such as loss of evidence, increased difficulties of discovery,

or greater opportunity for fraud or collusion." *Id.* at 433-34.  Here, Plaintiff has not articulated any such prejudice.

### B.  Meritorious Defense

"[I]n order to establish a 'meritorious defense,' the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, if proven at trial, would constitute a complete defense.'" *Thompson,* 95 F.3d at 434 (citing *INVST Financial Group*, *Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398-99 (6th Cir. 1987)).  Plaintiff is seeking to protect its trademark against Defendant's alleged use or infringement.  (Compl. at 3-5.)  Plaintiff now argues that "Defendant does not even make any attempt to allege the existence of a meritorious defense, which is not surprising since no such defense exists."  (Pl.'s Resp. at 5.)  The court agrees that Defendant's motion contains no *explicit* mention of a meritorious defense.  Defendant did, however, attach his answer to his motion, which details at least some possible defenses Defendant might put forward.  Among these, Defendant states that "[t]he asserted marks are generic and unenforceable" and "[t]he asserted marks are merely descriptive and unenforceable."  (Def.'s Ans. at 2.)  The court finds that Defendant's defenses, as detailed in his answer, at least contain "a hint of a suggestion which, if proven at trial, would constitute a complete defense."  *Thompson,* 95 F.3d at 434. Accordingly, the court finds that this factor weighs in favor of setting aside the default.

### C.  Culpability

After finding that two *United Coin* factors weigh in favor of setting aside the clerk's entry of default, the court will now examine the culpability factor.  "[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for

4

a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard Claims Service, Inc. v. William Darrah & Associates* 796 F.2d 190, 194 (6th Cir. 1986). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.*

Further, the Sixth Circuit has stated that when a party has demonstrated the existence of a meritorious defense and the absence of prejudice to the other party, a "dramatic balancing of the factors would be required" to uphold a district court's refusal to set aside an entry of default. *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292-93 (6th Cir. 1992). In *Waifersong*, the court noted that "it would require particularly culpable conduct by defendants to outweigh those two factors and tip the balance toward denial of relief." *Id.* at 293.

Here, Defendant points to persuasive evidence that any delay in filing an answer was the result of miscommunication between the parties. For example, Defendant includes an email sent to Plaintiff on December 4, 2008, well before the time limit to file an answer. (Def.'s Mot., Ex. A.) In that email, Defendant seeks to settle the matter without further litigation. Plaintiff responded that same day and Defendant proposed a further offer. (*Id.*) After presumably receiving no further communication, Defendant sent another request for discussion on January 20, 2009. (*Id.*, Ex. B.) Defendant alleges he learned of the clerk's entry of default after sending the January 20 email, (*id.* at 1), at which time he filed his answer. In light of the Sixth Circuit's direction that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits," *United Coin Meter Co.*, 705 F.2d at 844-45, the court

5

cannot conclude Defendant's behavior in consistently communicating with Plaintiff rises to the level of the "particularly culpable conduct," *Waifersong*, 976 F.2d at 293, required to deny Defendant's motion.  Accordingly, the court will set aside the clerk's entry of default.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion for Default Judgment" [Dkt. # 9] is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion to Set Aside Clerk's Default and Response to Motion for Default Judgment" [Dkt. # 11] is GRANTED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 20, 2009, by electronic and/or ordinary mail.

 S/Lisa Ware for Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\08-14792.TDC_INTL.SetAsideDefault.eew.wpd