UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TDC INTERNATIONAL CORP.,

    Plaintiff,

v.                                     Case No. 08-CV-14792

JAE L. BURNHAM,

    Defendant.
                                  /

**ORDER GRANTING PLAINTIFF'S "MOTION TO ENFORCE JUDGMENT,"
ORDERING DEFENDANT TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN
CONTEMPT, AND SETTING HEARING FOR FEBRUARY 24, 2010**

Pending before the court is Plaintiff TDC International Corp.'s "Motion to Enforce Judgment and for Order to Show Cause,"[1] filed on November 18, 2009. Defendant Jae L. Burnham was given until December 28, 2009, to file a response, but he has not filed a response to date. For the reasons stated below, the court will grant Plaintiff's motion.

## I. BACKGROUND

Plaintiff has conducted its moving and storage business under the name and service mark "EZ Moving/Moving and Storage" since 1994. (Am. Compl. ¶ 10.) It operates a website at "www.ezmovingandstorage.com" and has advertised extensively in newspapers and telephone directories. (*Id.* ¶ 11.) The present dispute arose based on Defendant's use of the mark "Quick and Easy Moving" in connection with his moving services. (Pl.'s Mot. Ex. A.)

---

[1] The motion is docketed as a "Motion to Enforce Judgment," but the motion is entitled "Motion to Enforce Settlement Agreement." Because the Consent Judgment is "[i]n accordance to" the Settlement Agreement and incorporates many of the same terms, the court will construe this as a motion to enforce both the Agreement and the Judgment.

Plaintiff filed a complaint on November 14, 2008, alleging (1) violation of 15 U.S.C. § 1125(a) and (2) common law unfair competition.  (Compl.)  A clerk's entry of default was entered on December 18, 2008.  After the court set aside the clerk's entry of default, Plaintiff amended the complaint, adding two additional counts: (3) libel under Michigan common law, and (4) tortious interference with business expectancy.  (Am. Compl.)  After what Plaintiff describes as "much wrangling," the parties settled the lawsuit and entered into a "Settlement Agreement and Release" (the "Agreement") in May 2009.  (Pl.'s Mot. Br. at 2, Ex. A.)

In the Agreement, Defendant was required to make a charitable donation in the amount of $1500.00 to North Star Junior Sailing, Inc.  (*Id.* ¶ 1.)  He was restrained from using any mark that includes "Easy Moving," "EZ Moving," or a colorable imitation in connection with his moving business.  (*Id.* ¶ 2.)  Defendant was also restrained from using the domain "www.quickandeasymove.com," but he was allowed to use this domain to forward web traffic to a new address for one month.  (*Id.* ¶¶ 3, 4.)  Plaintiff agreed not to oppose Defendant's use of the mark  "Jae's Quick and Simple Moving" or the domain "www.professionalmovinginfo.com."  (*Id.* ¶  5.)

On June 22, 2009, in accordance with the Agreement, the court issued a Consent Judgment and Permanent Injunction.  The Judgment enjoined Defendant from, among other things, "using any mark that includes the terms and/or words 'Easy Moving' or 'EZ Moving' or any colorable imitation thereof in connection with offering, sales or advertising of moving services."  (6/22/09 Judgment ¶ 6(a).)  Defendant was not restrained from "using the words 'easy' or 'moving' in a descriptive sense," but he could not use the "word 'easy,' 'EZ' or any colorable imitation thereof within one word of

the word 'moving' in connection with his business." (*Id.*)  The Consent Judgment also required Defendant to use reasonable commercial efforts to remove certain advertisements, links, and web pages.  (*Id.*)  Defendant was permitted to identify himself as being related to "Quick and Easy Moving" for one month after execution of the Agreement.  (*Id.*)

On November 18, 2009, Plaintiff filed the present motion seeking to enforce the Agreement and requesting an order to show cause to determine Defendant's compliance with the Agreement.  Plaintiff attached as exhibits a number of examples of Defendant's continued use of "Quick and Easy Moving" and "EZMoving" in violation of the Agreement and the Consent Judgment.  (Pl.'s Mot. Exs. A-D.)  Plaintiff further contends that Defendant never paid the $1500.00 to the charity.  (*Id.* at 3.)

At the time of the motion, Attorneys Mark A. Cantor and Brian S. Tobin remained as counsel of record for Defendant.  On December 1, 2009, they filed a motion to withdraw, asserting that they terminated their representation of Defendant on July 8, 2009, following the execution of the Agreement and entry of the Consent Judgment.  (Mot. to Withdraw ¶ 4.)  A hearing was held on the motion to withdraw on December 10, 2009.  Defendant was ordered to attend; however, he notified his attorneys the morning of the hearing that he would be unable to make it because of the road conditions.  (12/11/09 Order Granting Motion to Withdraw at 1 n.1.)  The court granted counsel's motion to withdraw, gave Defendant until December 28, 2009 to file a response to the motion to enforce the judgment, and deemed Defendant proceeding pro se until he found a substitute attorney.  (*Id.*)

3

To ensure that Defendant was notified of the court's orders regarding the motion to withdraw and to ensure that the court could notify Defendant of future proceedings and court orders, the court imposed certain obligations on Attorneys Cantor and Tobin. (12/11/09 Order Imposing Obligations.) Specifically, they were required to notify the court's case manager to provide her with a telephone number and mailing address for Defendant and to provide Defendant with a copy of the court's orders granting the motion to withdraw and imposing obligations on the attorneys. (*Id.*)

On December 15, 2009, Attorneys Cantor and Tobin filed a notice of compliance with the obligations imposed by the court. Tobin contacted the court's case manager on December 14, 2009, and provided her with Defendant's telephone number and mailing address. (12/15/09 Notice of Compliance at 1.) In addition, the attorneys sent a letter and a copy of the court's orders to Defendant via certified mail. (*Id.*) The attorneys also emailed Defendant a letter and a copy of the court's orders at the email address from which he notified his attorneys the morning of the hearing that he was not going to attend. (*Id.*)

## II. DISCUSSION

A district court "has the inherent authority to enforce agreements in settlement of litigation before it." *Knapick v. Hanley*, 8 F. App'x 306, 307 (6th Cir. 2001). Plaintiff alleges Defendant has violated the Agreement by "surreptitiously" continuing to engage in "his previously allegedly infringing activities." (Pl.'s Mot. Br. at 2.) In support, Plaintiff has provided substantial evidence in the form of exhibits which demonstrate that Defendant has failed to comply with the Agreement and Consent Judgment. (Pl.'s Mot. Exs. B-D.)

Plaintiff has printed Defendant's current and active web postings. (Pl.'s Mot. Ex. B.) In a listing on "www.yelp.com," Defendant's business is called "Quick and Easy Moving." (*Id.*) In a section entitled "Meet the Business Owner: Jae B.," his email is listed as "quickandeasymoving@yahoo.com," which is the same email address that Defendant used to notify his attorneys the morning of the hearing on the motion to withdraw that he was unable to attend. (*Id.*) A similar listing for "Quick and Easy Moving" can be found on "www.merchantcircle.com," "www.superpages.com," and "backpage.com." (*Id.*)

Also, Plaintiff has provided a posting on "www.squidoo.com," discussing "moving scams on Craigslist," which Plaintiff describes as Defendant's "modus operandi." (Pl.'s Mot. Br. at 3 n.1, Ex. B.) This Squidoo posting contains logos with the words "Quick and Easy Moving" and "Quick and Easy Moving LLC," and at the end states, "My name is Jae Burnham. I own and operate Quick and Easy Moving." (Pl.'s Exs. B, D.) Plaintiff accessed this webpage on November 6, 2009. (Pl.'s Ex. D.)

Most troubling, however, is Defendant's use of Plaintiff's exact trademark on Twitter, where he appears to be operating under the name "EZMovingStorage." (Pl.'s Ex. B.) The title to the webpage states, "Hey there! EZMovingStorage is using Twitter." (*Id.*) Although the page lists "RIc Wilhelm" as the originator's name, it is reasonably apparent that the postings are from Defendant. (*Id.*) For instance, Defendant's website, www.professional-moving.com, is listed on the page. (*Id.*) Also, many of the posts are about craigslist moving scams, and many of the posts are about Defendant's moving business, U-Save Moving. (*Id.*) For example, two posts state, "U-Save Moving Did a Wonderful Job: They were so fast and worked very hard and with great care." (*Id.*)

5

These posts were made as recently as November 17, 2009, the day before Plaintiff filed the present motion. (*Id.*)

Based on this evidence, Plaintiff has made a showing that Defendant has failed to comply with the Agreement and Consent Judgment. The Consent Judgment and Agreement precluded Defendant from using the words "Easy Moving" or "EZ Moving" in connection with his moving services, and Defendant appears to have continued to use both words. Also, based on the Agreement, Defendant was obligated to make a charitable donation in the amount of $1500.00 to North Star Junior Sailing, Inc., and he has failed to make this donation. Accordingly, the court will grant Plaintiff's motion.

"When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). The court has inherent authority, as well as power pursuant to 18 U.S.C. § 401, to "punish by fine or imprisonment" a party's "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. As Plaintiff has shown that Defendant has disregarded the court's judgment, the court will order Defendant to show cause why he should not be held in contempt for failure to abide by a lawful judgment of this court. A hearing on this matter will be held on **February 24, 2010 at 2:00 p.m.**

### III. CONCLUSION

For the reasons above, IT IS ORDERED that Plaintiff's "Motion to Enforce Judgment and for Order to Show Cause" [Dkt. # 31] is GRANTED.

IT IS FURTHER ORDERED that Defendant Jae L. Burnham is ORDERED TO SHOW CAUSE, in person at the hearing scheduled below, why he should not be held in

contempt of court and sanctioned for failing to abide by the Agreement and Consent Judgment.

IT IS FURTHER ORDERED that a contempt hearing will be held on **February 24, 2010 at 2:00 p.m.**  Defendant Jae L. Burnham is required to personally appear for this hearing.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  January 21, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 21, 2010, by electronic and/or ordinary mail.

        S/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522