# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TDC INTERNATIONAL CORP.,

    Plaintiff,

v.                                                    Case No. 08-CV-14792

JAE L. BURNHAM,

    Defendant.
                                       /

## INJUNCTION

On April 27, 2010, the court conducted a hearing regarding Defendant Jae L. Burnham's contempt of court, during which Plaintiff TDC International Corporation presented further evidence of Defendant's noncompliance with the May 2009 Settlement Agreement and the June 22, 2009 Consent Judgment. To ensure that Defendant purges his contempt, the court imposed certain monetary and behavioral obligations on Defendant.

Regarding Defendant's monetary obligations, the court had previously imposed a civil penalty of $100.00 per day beginning on March 3, 2010. (3/3/10 Order at 2.) At the hearing on April 27, 2010, the court ended the accrual of the penalty effective the date of the hearing. Thus, Defendant owes a penalty for 56 days, totaling $5600.00. The court also previously ordered Defendant to pay to Plaintiff $3078.00, representing the reasonable attorney's fees that Plaintiff has incurred as a result of Defendant's noncompliance. (*Id.* at 2-3.) Also, the Settlement Agreement obligated Defendant to make a charitable donation in the amount of $1500.00 to North Star Junior Sailing, Inc. (Pl.'s 11/18/09 Mot. Ex. A ¶ 1.) To date, Defendant has failed to pay these amounts.

Therefore, in total, Defendant owes $10,178.00.  The court ordered Defendant to make payments to Plaintiff in the amount of at least $100.00 per week, beginning the week of April 27, 2010, in the care of Plaintiff's counsel, Arnold S. Weintraub, until the full amount due has been paid.

Regarding Defendant's behavioral obligations, the court ordered Defendant to remove all internet postings, websites, email addresses, advertisements, online business listings, YouTube accounts, Twitter accounts, and any other online material associated with him.  Thus, in order to comply with the court's order, Defendant must have zero internet presence.  Defendant must then submit proof sufficient for the court to determine that these deletions have been accomplished.  After Defendant has "disappeared" from the internet, Defendant may then begin to build a legitimate internet presence, free of references that violate the Settlement Agreement and Consent Judgment.

To ensure that Defendant is fully aware of the requirements of the Settlement Agreement and Consent Judgment to which he previously agreed, the court will include a copy of these documents when this order is mailed to Defendant.  Defendant is encouraged to read and learn these requirements before establishing a new presence on the internet.  Defendant shall no longer attempt to skirt the requirements of the court's orders, but instead must in good faith stay clear of future violations.

Accordingly, IT IS ORDERED that Defendant shall pay to Plaintiff $10,178.00, payable in the amount of at least $100 per week, in the care of Arnold S. Weintraub, Weintraub Group, 28580 Orchard Lake Road, Suite 140, Farmington Hills, MI

48334-1569.  Mr. Weintraub shall ensure that the required charitable donation to North Star Junior Sailing, Inc. is paid first.

IT IS FURTHER ORDERED that Defendant shall remove and delete all of his internet postings, advertisements, websites, email addresses, online business listings, YouTube accounts, Twitter accounts, Craigslist postings, and any other online material associated with him.  Defendant shall then file with the court, on or before **May 11, 2010**, proof sufficient for the court to determine that Defendant has removed his entire presence from the internet.  After Defendant has removed his entire presence from the internet, he may then establish a legitimate presence in compliance with the Settlement Agreement and Consent Judgment.  Defendant ignores the requirements of this order at his own peril.  Failure to comply will almost certainly lead to a finding of civil contempt with a coercive sanction of incarceration to compel compliance.  *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994).

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  May 3, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 3, 2010, by electronic and/or ordinary mail.

    S/Lisa G. Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522