**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TDC INTERNATIONAL CORP.,

    Plaintiff,

v.                                                          Case No. 08-CV-14792

JAE L. BURNHAM,

    Defendant.
                                                   /

**OPINION AND ORDER GRANTING PLAINTIFF'S**
**RENEWED MOTION FOR ORDER TO SHOW CAUSE**

On August 8, 2010, Plaintiff TDC International Corporation file a "Renewed Motion for Order to Show Cause." Defendant Jae L. Burnham has not filed a response. For the reasons stated below, the court will grant Plaintiff's motion and order Defendant to show cause why he should not be held in contempt.

**I. BACKGROUND**

The present dispute arose based upon Defendant's use of the mark "Quick and Easy Moving" in connection with his moving services, which conflicted with Plaintiff's established use of the mark "EZ Moving/Moving and Storage." On November 14, 2008, Plaintiff filed a complaint in this court. The parties entered into a Settlement Agreement in May 2009, and a Consent Judgment was filed on June 22, 2009. Because Plaintiff presented evidence of Defendant's failure to comply with the terms of the Settlement Agreement and Consent Judgment, on May 3, 2010, the court issued an Injunction requiring compliance and ordering Defendant to file proof of compliance.

The Injunction required Defendant to "remove all internet postings, websites, email addresses, advertisements, online business listings, YouTube accounts, Twitter

accounts, and any other online material associated with him" such as to have "zero internet presence." After submitting proof of compliance, Defendant was allowed to "build a legitimate internet presence, free of references that violate the Settlement Agreement and Consent Judgment," copies of which were sent to Defendant. In addition, the Injunction required Defendant to pay Plaintiff $10,178 in the amount of at least $100 per week. Defendant submitted proof of compliance to the court.

On June 8, 2010, Plaintiff filed a response, alleging noncompliance with the Injunction. Specifically, Plaintiff claimed that Defendant had made only one payment of $100 and had not completely disappeared from the internet. On June 17, 2010, the court issued an Order Directing Defendant to File a Response, which noted that Defendant was not permanently banned from all presence on the internet. Defendant filed a corrected response on July 8, 2010. Defendant asserts that he has attempted to comply with the Injunction terms regarding internet presence, but he has been unable to remove pages hosted by Squidoo.com and Yelp.com. Defendant admitted he has not made the required weekly payments, but he claims to have insufficient funds. On August 13, 2010, Plaintiff filed the instant motion.

## II. STANDARD

The district court is afforded sound discretion in deciding a contempt petition. *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). There is no doubt that the due process safeguards customarily applied in civil litigation apply to civil contempt proceedings. The party charged with contempt is entitled to proper notice, an impartial hearing, and an opportunity to present a defense. *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 589

(6th Cir. 1987). Generally, civil contempt proceedings are summary in nature and "[t]he full panoply of evidentiary and procedural safeguards of criminal proceedings or trial need not be employed." *Nabkey v. Hoffius*, 827 F. Supp. 450, 452 (W.D. Mich. 1993).

"When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Gary's Elec. Serv. Co.*, 340 F.3d at 378. Although the power to hold a party in contempt should not be invoked lightly, the Supreme Court has explained that this power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it [the courts] are mere boards of arbitration, whose judgements and decrees would be only advisory." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911).

To hold a litigant in contempt, the movant must provide clear and convincing evidence that shows that the charged party violated a "definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Cincinnati Bronze*, 829 F.2d at 591). "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by showing that he is *presently* unable to comply with the court's order." *Id.* (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)) (emphasis in original).

### III. DISCUSSION

Plaintiff alleges two ongoing violations of the court's Injunction. First, Plaintiff claims Defendant maintains web sites using the "Quick and Easy Moving" mark. Defendant has admitted the Squidoo.com and Yelp.com sites use the mark. Although

3

Defendant states he has been unable to remove these, Plaintiff has presented a prima facie case of noncompliance.  If Defendant can show that his reasonable attempts to remove proscribed references to "Easy Moving" on these sites have been unavailing, their mere existence alone will not constitute a violation of the Injunction.  However, all reasonable effort must have been used in attempting to delete these pages.  Mere inconvenience will not suffice.  Therefore, Defendant will be ordered to show cause why he should not be held in contempt for failing to remove references on these sites.  Defendant is not required to remain permanently banned from internet advertisements, as long as they comply with the terms of the Settlement Agreement and Consent Judgment.

Second, Plaintiff claims Defendant has not made timely payment of the sums ordered by the court in its Injunction.  Defendant again admits this and claims inability to pay.  Plaintiff refutes this by pointing to the Squidoo.com web site, where Defendant discusses a growing business with multiple employees and substantial equipment.  However, the Squidoo.com site shows no indication of its currency.  If Defendant's assertion of inability to access the site is accurate, the information on the site may be inaccurate.  Nonetheless, Plaintiff has presented strong evidence of Defendant's noncompliance with the Injunction.  Defendant will therefore be ordered to show cause why he should not be held in contempt for failure to remit the sum of $100 per week to Plaintiff as required by the Injunction.

It cannot be disputed that Defendant had knowledge of the Settlement Agreement, Consent Judgement, or Injunction.  Burnham signed both the Settlement Agreement and Consent Judgment, and court sent a copy of both to Defendant with the

Injunction. As Plaintiff has made out a prima facie case by clear and convincing evidence that Defendant has disregarded the Injunction, the court will order Defendant to show cause why he should not be held in contempt for failure to abide by a lawful order of this court. A hearing on this matter will be held on **November 10, 2010, at 3:00 p.m.**

### III. CONCLUSION

IT IS ORDERED that Plaintiff's "Renewed Motion for Order to Show Cause" [Dkt. # 55] is GRANTED.

IT IS FURTHER ORDERED that Defendant Jae L. Burnham is ORDERED TO SHOW CAUSE, in person at the hearing scheduled below, why he should not be held in contempt of court and sanctioned for failing to abide by the Settlement Agreement, Consent Judgment, and the Injunction.

IT IS FURTHER ORDERED that a contempt hearing will be held on **November 10, 2010 at 3:00 p.m.** Defendant Jae L. Burnham is required to personally appear for this hearing.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: November 2, 2010


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 2, 2010, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522