**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TDC INTERNATIONAL CORP.,

    Plaintiff,

v.                                                           Case No. 08-14792

JAE L. BURNHAM,

    Defendant.
                                                   /

**ORDER HOLDING DEFENDANT JAE L. BURNHAM IN CONTEMPT OF COURT
AND IMPOSING CIVIL PENALTIES**

On November 10, 2010, this court held a hearing for Defendant Jae L. Burnham to show cause why he should not be held in contempt of court for failing to abide by the strictures of the injunction issued by this court on May 3, 2010, ("Injunction"). At the hearing, Burnham failed to make a sufficient showing, and the court found him in contempt. This order establishes the penalties to be imposed on Burnham to purge his contempt and clarifies certain specific actions to be taken by Defendant in order to comply with the Injunction.

**I. BACKGROUND**

The underlying dispute arose out of Defendant's use of the mark "Quick and Easy Moving" in connection with his moving services, which conflicted with Plaintiff's established use of the mark "EZ Moving/Moving and Storage." On November 14, 2008, Plaintiff filed a complaint in this court. The parties entered into a Settlement Agreement in May 2009, and a Consent Judgment was filed on June 22, 2009. Because Plaintiff presented evidence of Defendant's failure to comply with the terms of the Settlement

Agreement and Consent Judgment, on May 3, 2010, the court issued the Injunction, which required compliance and proof of compliance.

The Injunction required Defendant to "remove all internet postings, websites, email addresses, advertisements, online business listings, YouTube accounts, Twitter accounts, and any other online material associated with him" such as to have "zero internet presence." After submitting proof of compliance, Defendant was allowed to "build a legitimate internet presence, free of references that violate the Settlement Agreement and Consent Judgment." Defendant was served with a copy of the Injunction. In addition, the Injunction required Defendant to pay Plaintiff $10,178 in the amount of at least $100 per week. Defendant submitted proof of compliance to the court.

Plaintiff has subsequently shown that Defendant did not fully comply with the terms of the Injunction. Defendant continues to claim, without substantiation, that he is unable to remove references to "Quick and Easy Moving" on Squidoo.com, Yelp.com, and other web sites—including references in the keywords used by search engines to locate sites. At the hearing, Burnham claimed that he is locked out of the sites and, therefore, cannot remove the offending content. He further claimed that he removes references that violate the Injunction whenever he finds them in the ordinary course of updating his collection of articles, videos, and postings. Additionally, Defendant admitted that he has made only one of the $100 weekly payments required by the Injunction, alleging insufficient surplus funds. Had Defendant made weekly payments as required, he would by this time have paid the amount of $2,400.

## II.  STANDARD

The district court is afforded sound discretion in deciding a contempt petition. *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).  There is no doubt that the due process safeguards customarily applied in civil litigation apply to civil contempt proceedings.  The party charged with contempt is entitled to proper notice, an impartial hearing, and an opportunity to present a defense.  *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 589 (6th Cir. 1987).  Generally, civil contempt proceedings are summary in nature and "[t]he full panoply of evidentiary and procedural safeguards of criminal proceedings or trial need not be employed."  *Nabkey v. Hoffius*, 827 F. Supp. 450, 452 (W.D. Mich. 1993).

"When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court."  *Gary's Elec. Serv. Co.*, 340 F.3d at 378.  Although the power to hold a party in contempt should not be invoked lightly, the Supreme Court has explained that this power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.  Without it [the courts] are mere boards of arbitration, whose judgments and decrees would be only advisory."  *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911).

To hold a litigant in contempt, the movant must provide clear and convincing evidence showing the charged party violated a "definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order."  *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Cincinnati Bronze*, 829 F.2d at 591).  "Once the movant establishes his prima facie

case, the burden shifts to the contemnor who may defend by showing that he is *presently* unable to comply with the court's order." *Id.* (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)) (emphasis in original).

## III. DISCUSSION

The matters at issue in the current order are not new; they have been ongoing since the inception of the case. On December 18, 2008, a clerks' entry of default against Defendant issued. On January 21, 2009, Plaintiff then moved for a default judgment. Two days later, Defendant moved to set aside the clerk's entry of default and filed an answer. Before trial, the parties agreed to a settlement, and the court issued a Consent Judgment on June 22, 2009. On November 18, 2009, Plaintiff filed its first motion for an order to show cause, and an order to show cause was granted on January 21, 2010. Defendant failed to appear at the scheduled hearing, however, and Defendant was held in contempt by order issued on March 3, 2010. The court's order holding Defendant in contempt imposed a civil penalty of $100 per day until Plaintiff fully complied with the Settlement Agreement and Consent Judgment. A second hearing was scheduled for April 6, 2010, and Defendant again failed to appear. A bench warrant was issued at the hearing, and Burnham finally agreed to appear voluntarily (under threat of imminent arrest) on April 15, 2010. A hearing to show cause was held on April 27, 2010, and the Injunction was issued on May 3, 2010. By May 18, 2010, Defendant then submitted evidence of substantial compliance, after which time he stopped making weekly payments. Plaintiffs then filed yet another motion for an order to show cause, and a hearing was held on November 10, 2010. At that hearing, Defendant was found in contempt of court for continued noncompliance with the

4

Injunction. Defendant Burnham has established a pattern of noncompliance with the orders of this court from the commencement of this case, and he has not responded to the orders of the court, except when facing imminent sanction.

Burnham's attempt to avoid the terms of the courts orders are not limited to avoiding physical presence before the court. Burnham admits he has failed to pay Plaintiff any amount above the first in what was to be a series of weekly installments of $100. Although he claims inability to pay, he has never presented any evidence of such inability. Indeed, even Defendant's argument at the hearing indicated that he intended to pay only when his new business venture was running a profit. The Injunction did not specify the source of the funds—whether they were to be paid out of capital, wages, or debt. The Injunction did not waive payment until Defendant's business reached sufficient revenue or profits. Defendant is required to make every reasonable attempt to obtain the funds necessary to make the payments indicated in the Injunction, most of which accrued due to Defendant's blatant disregard of this court's orders. Defendant may not be able, at this time or at any time in the future, to pay the amounts owing out of the profits of his moving business, but that is of no significance. He could alternatively pay it out of his wages or sale of personal or business property. If these are insufficient, he could attempt to obtain gainful employment or pursue other business opportunities outside of the moving industry. Defendant is obligated to make use of any legal means of obtaining the sums necessary to comply with the Injunction. If all reasonable attempts to obtain sufficient funds prove futile, then Defendant must present evidence of the attempts made to the court. He cannot simply claim insufficient profits and rest upon his flawed interpretation of the Injunction's requirements. Therefore, as

explained clearly on the record to Defendant on November 10, 2010, Defendant is ordered to pay the amount of $1,000 no later than 3:30 p.m. on November 24, 2010. It is the responsibility of Defendant to ensure *delivery* of the sum by that time, whether by earlier dispatching or personally delivering the funds to Plaintiff's counsel. Defendant will then be ordered to continue to make weekly payments each week, beginning December 3, 2010, no later than 5:00 p.m. each Friday. All payments will continue until Defendant has paid the remaining balance of the $10,178 ordered by the Injunction.

Defendant has also failed to comply with the nonmonetary requirements of the Injunction. It appears that Defendant did in fact take substantial action and removed most online references to his former "Quick and Easy Moving" business. However, the Injunction required him to remove all active sites associating him with the former entity. He is not required to perform the impossible, but he is required to use reasonable efforts. Burnham claims that he cannot remove the Squidoo.com and Yelp.com sites because he is locked out of them. Closing sites directly controlled by Burnham was the first step of compliance, but it was not the last. To comply with the Injunction, Burnham must contact the entities that maintain the sites and request they be removed pursuant to the Settlement Agreement, Consent Judgment, and Injunction. He must do this likewise with all current sites he created or had created, or those of which he has become actually aware, that include prohibited references. This includes requesting sites remove keywords that Defendant would be prohibited from placing on the sites. This is no small undertaking, but it is required by the Injunction. Therefore, Defendant will be ordered to take all necessary actions by December 15, 2010.

As a corrective measure and sanction for Defendant's continuing disregard of this court's orders, Defendant will display the following text in a static box at the top of the initial page of any web site promoting, describing, advertising, or otherwise involving Defendant's business operations in the moving services industry that is maintained by or for Defendant:[1]

**NOTICE**

I, Jae Burnham, the owner of the content posted here, have been ordered by the United States District Court for the Eastern District of Michigan to post this notice because I have been twice found in contempt of court.

IF YOU ARE SEARCHING FOR "EZ MOVING" OR "EASY MOVING," THIS IS NOT THE SITE OF ANY SUCH MOVING BUSINESS.

Until 2009 I used the name "Quick and Easy Moving" for my moving business and was ordered to cease using that name because it was confusingly similar to another more senior business, "EZ Moving and Storage." My moving business is NOT "Easy Moving," "EZ Moving," or anything similar to the word "easy" in connection with "moving."

Also, during the time I advertised to provide moving services using the words "Quick and Easy," I made claims that my business had "5 employees and its own moving vehicles." These statements were false when I made them, and they continued to be false through November 2010.

After I was sued for trademark infringement, I settled and agreed to remove the words "easy" and "quick" from my internet presence, and I agreed to make certain payments.

I failed to comply with these terms, and I was held in contempt of court. Additional monetary penalties were added.

I again failed to abide by the terms as ordered, and was again held in contempt of court.

I have been ordered by the court to post this notice to correct my past untrue statements connected with my misuse of the "Quick and Easy Moving" trade name and to ensure that I will comply with the terms of my agreement.

---

[1] The inclusion of the terms "EZ MOVING," "EASY MOVING," AND "QUICK AND EASY MOVING" within the notice required to be posted on Defendant's internet materials shall not be construed as violations of the Settlement Agreement, Consent Judgment, Injunction, or this order.

The text must be encoded to display in Arial or Times New Roman font at a size of no less than 10 point font, black on a white background.  The text may be directly above or directly below any banner across the top of the page.  It must precede all articles, videos, or audio recordings that promote Defendant's business or deal with the moving services industry.  Defendant shall maintain such notice prominently on all web sites, articles, videos, or other severable internet or computer content created or owned by or for Defendant and involving the moving services business.  Defendant shall also prominently display such notice in any other online postings, articles, or other similar content placed on the sites of others by, for, or with the consent of Defendant.  This requirement will continue from December 15, 2010, until December 15, 2011.

Unless Burnham pays the $1,000 ordered by 3:30 p.m. on November 24, 2010, he will be ordered to surrender to the United States Marshal for the Eastern District of Michigan at the Theodore Levin United States Courthouse, located at 231 West Lafayette Boulevard in Detroit, Michigan, on November 24, 2010, at a time no later than 3:30 p.m.  He will be held in custody of the United States Bureau of Prisons for a term of 30 days for contempt of court.  Defendant has been afforded every opportunity to avoid sanction by this court, but the pattern he has established suggests that he complies only when faced with immediate punishment.  This final incentive is deemed necessary in order to encourage compliance with the orders of the court.

In order to facilitate enforcement of this order, Burnham will inform the court by 3:30 p.m. on November 24, 2010, of his compliance or noncompliance with this order.  Likewise, Plaintiff will inform the court by 3:30 p.m. on November 24, 2010, if it has

received payment of the $1,000 ordered by that time.  The parties may use any convenient means of communication.

### III. CONCLUSION

IT IS ORDERED that Defendant Jae L. Burnham is held in contempt of court for failing to abide by the Settlement Agreement, Consent Judgment, and Injunction filed with this court.

IT IS FURTHER ORDERED that Defendant Jae L. Burnham shall affix the notice contained within this order upon all commercial materials he posts on the internet that are related to the moving services industry.  This notice shall be affixed from **December 15, 2010**, until **December 15, 2011**.

IT IS FURTHER ORDERED that Defendant Jae L. Burnham shall remove and document the removal of, or document his reasonable attempts to remove, all references to "Quick and Easy Moving" or other content in violation of any order of this court from all web sites now or previously controlled by or for Defendant, with the exception of references contained in the notice required by this order.  This removal and documentation shall be accomplished by **December 15, 2010**.

IT IS FURTHER ORDERED that Defendant Jae L. Burnham shall pay and deliver to Plaintiff the amount of $1,000 on or before **November 24, 2010**, by **3:30 p.m.**

IT IS FURTHER ORDERED that Defendant Jae L. Burnham pay to Plaintiff amounts not less than $100 by 5:00 p.m. each Friday, beginning on **December 3, 2010**, until the full amount of $10,178 ordered in the Injunction has been paid.  Defendant's previous payment of $100 and any payment of November 24, 2010, shall be deducted from the outstanding balance of his obligation.

IT IS FURTHER ORDERED that unless Defendant Jae L. Burnham shall have remitted payment of $1,000 to Plaintiff by **3:30 p.m.** on **November 24, 2010**, said Jae L. Burnham shall surrender to the United States Marshal for the Eastern District of Michigan at the Theodore Levin United States Courthouse, located at 231 West Lafayette Boulevard in Detroit, Michigan, at or before **3:30 p.m.** on **November 24, 2010**, to be imprisoned for 30 days in the custody of the United States Bureau of Prisons for contempt of court. If Defendant is taken into custody, a further hearing will then be set to determine additional sanctions, and the other obligations in this order shall be suspended pending that hearing. Defendant may purge his contempt by making the payment required during the term of imprisonment.

IT IS FURTHER ORDERED that Defendant Jae L. Burnham inform the court before **3:30 p.m.** on **November 24, 2010**, whether he has complied with the payment requirements of this order to be completed by that time.

IT IS FURTHER ORDERED that Plaintiff TDC International Corporation inform the court before **3:30 p.m.** on **November 24, 2010**, if it has received payment of the $1,000 required by this order to be paid at that time.

     S/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated: November 19, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 19, 2010, by electronic and/or ordinary mail.

     S/Lisa Wagner
     Case Manager and Deputy Clerk
     (313) 234-5522