**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TDC INTERNATIONAL CORP.
f/k/a G.E. THOMPSON DEVELOPMENT CORP.,

    Plaintiff,

v.                                             Case No. 08-14792

JAE L. BURNHAM, d/b/a QUICK AND
EASY MOVING, AND QUICK AND EASY
MOVING, LLC,

    Defendants.
                                         /

**ORDER HOLDING DEFENDANT IN CONTEMPT OF COURT AND ISSUING BENCH WARRANT FOR DEFENDANT'S ARREST**

The court entered a consent judgment in this trademark dispute on June 22, 2009. (Dkt. #30.) Defendant Jae Burnham, doing business as Quick and Easy Moving, repeatedly failed to abide by that consent judgment, which ultimately prompted the court to hold him in contempt. (Dkt. #57.) On January 1, 2011, Defendant filed for Chapter 7 bankruptcy, and this proceeding was stayed in accordance with the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a). (Dkt. #61.) The bankruptcy court ultimately denied Defendant discharge. *In re Jae Burnham*, No. 11-00001 (Bankr. W.D. Mich. Oct. 7, 2011.) Thereafter, Plaintiff successfully petitioned the court to reopen the case and lift the stay (Dkt. #63); however, Defendant then filed a second notice of bankruptcy (Dkt. #64) which promoted the court to reimpose the stay. (Dkt. #65.)

Plaintiff initiated an adversarial proceeding in the Bankruptcy Court to determine the dischargeability of Defendant's contempt sanctions in this case. The Bankruptcy court ultimately held that the $9,178.00 in sanctions accrued by Defendant were non-

dischargeable. *In re TDC Int'l Corp. v. Burnham*, No. DL 17-03285, 17-80176, 2018 WL 5255297 (Bankr. W.D. Mich. July 18, 2018). Following this ruling, Plaintiff successfully petitioned the court to lift the stay and order Defendant to show cause why he should not be held in contempt of court for his continued failure to comply with the court's earlier rulings. (Dkt. #65.)   A show cause hearing was held on November 7, 2018. Mere hours before the hearing began, Defendant filed a third notice of bankruptcy and requested that the court reimpose the automatic stay. (Dkt. #69.) The show cause hearing persisted nevertheless, and the court cautioned Defendant that failure to tender partial payment of the contempt fees may result in additional sanctions, specifically incarceration. Defendant ignored the court's warning and failed to tender any payment. (Dkt. #72.)

The Bankruptcy Code's automatic stay does not automatically halt all judicial proceedings against a defendant. *See Dominic's Rest. of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012). The district court of a pending proceeding determines whether the proceeding is subject to the automatic stay. *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939 (6th Cir. 1986) (*quoting In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985)) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay."). "Courts have . . . the inherent authority to enforce their judicial orders and decrees in cases of civil contempt." *Liberis v. Craig*, 845 F.2d 326 (6th Cir. 1988). The court has reviewed the applicable case law and determines that it has jurisdiction over the instant matter.

The law in the Sixth Circuit is clear that defendants cannot escape civil sanction penalties simply by filing for bankruptcy because "[w]ere a debtor permitted to 'blatantly violate direct orders of the court and then seek shelter from a bankruptcy judge,' then the power to sanction 'could be rendered almost meaningless.'" *Leonard v. RDLG, LLC*, 644 F. App'x 612, 615 (6th Cir. 2016) (quoting *Dominic's*, 683 F.3d at 761). In this case, Defendant cannot hide behind a new petition of bankruptcy to avoid his non-dischargeable contempt sanctions. The court has offered Defendant ample opportunities to comply with the court's ruling, but Defendant has skirted his obligations for years. At this point, the court is left with no other option to coerce Defendant's compliance apart from incarceration. Accordingly,

IT IS ORDERED that Defendant, Jae L. Burnham, stands in civil contempt of court for his willful and continued failure to fully comply with this court's previous contempt order November 19, 2010 (Dkt. # 57) issued for violating the injunction imposed by this court on May 3, 2010. (Dkt. # 40.) As a result, Defendant is DIRECTED to pay Plaintiff TDC International Corporation the balance of his accrued civil sanction penalties, $9,178.00.

IT IS FURTHER ORDERED that a Bench Warrant shall issue for the arrest of Defendant, Jae L. Burnham, by the United States Marshal to be brought before this court and to remain in custody until he fully complies with this court's Order dated November 19, 2010. Should Defendant not comply on his own volition, **Defendant will remain in custody until January 8, 2019 at 2:30 p.m. at which time he will appear**

**at a hearing before the court in Port Huron, Michigan and explain the status of his compliance.**

                                               s/Robert H. Cleland
                                               ROBERT H. CLELAND
                                               UNITED STATES DISTRICT JUDGE

Dated: December 12, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 12, 2018, by electronic and/or ordinary mail.

                                               s/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (810) 292-6522

S:\Cleland\Cleland\HEB\Civil\08-14792.TDC.contempt.order.arrest.warrant.HEB.docx